# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ARLENE SIEVERT | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2175-S |
| | § | |
| HOWMEDICA OSTEONICS | § | |
| CORPORATION d/b/a STRYKER | § | |
| ORTHOPAEDICS et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Howmedica Osteonics Corporation's ("HOC") Motion for Judgment on the Pleadings [ECF No. 59], Plaintiff Arlene Sievert's ("Plaintiff") Motion for Leave to File an Amended Complaint [ECF No. 61], and HOC's Motion for Sanctions [ECF No. 71]. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint, **FINDS AS MOOT** HOC's Motion for Judgment on the Pleadings, and **DENIES** HOC's Motion for Sanctions.

### I.     BACKGROUND

This action arises out of an alleged defect in the bone cement manufactured, designed, licensed, distributed, sold, or marketed by HOC and OSARTIS GmbH f/k/a aap Biomaterials GmbH that was used in Plaintiff's total knee replacement surgery. *See* Compl. ¶¶ 2-7, 35-36; ECF No 61-1 ("Proposed Am. Compl.") ¶¶ 2-5, 33-34. Since Plaintiff brought this action on August 17, 2018, the parties have stipulated to a protective order, *see* ECF Nos. 27, 38, and have engaged in contentious discovery that included motions to compel, *see* ECF Nos. 44, 54. This case is currently set for jury trial on the Court's three-week docket beginning May 3, 2021. *See* ECF No. 56 ("Am. Scheduling Order").

Pursuant to the parties' original Scheduling Order, the deadline to amend pleadings passed on March 28, 2019. *See* ECF No. 23 ("Original Scheduling Order") ¶ 3. This deadline was not

extended by the parties' amended Scheduling Order filed on October 31, 2019. *See* Am. Scheduling Order ¶ 3(b). However, after HOC filed its Motion for Judgment on the Pleadings on January 2, 2020, Plaintiff filed her Motion for Leave to File an Amended Complaint. In response, HOC moved for Sanctions on April 1, 2020. All three motions are now ripe and before the Court.

## II. ANALYSIS

### A. *Good Cause to Modify Scheduling Order*

As Plaintiff seeks to amend her Complaint after the May 31, 2019 deadline set forth by the Court's Scheduling Order, *see* Original Scheduling Order ¶ 3; Am. Scheduling Order ¶ 3(b), "the [C]ourt must first determine whether to modify the scheduling order under the good cause standard of" Federal Rule of Civil Procedure 16(b)(4).[1] *Kouzbari v. Health Acquisition Co.*, Civ. A. No. 3:18-CV-0126-D, 2018 WL 6514766, at *1 (N.D. Tex. Dec. 11, 2018) (citations omitted). The Court assesses four factors in deciding whether to grant the motion: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at *2 (quoting *S & W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). "The Rule 16(b)(4) analysis is holistic," such that the Court "does not mechanically count the number of factors that favor each side" but rather "focuses on the diligence of the party seeking to modify the scheduling order." *Id.* at *4 (quoting *E.E.O.C. v. Serv. Temps, Inc.*, Civ. A. No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)). However, "[m]ere inadvertence on the part of the movant is insufficient to constitute 'good cause.' Instead, the movant must show that,

---

[1] Although Plaintiff "does not address the good cause standard under Rule 16(b)(4)" in her Motion, the Court conducts the Rule 16(b)(4) analysis because the grounds for "good cause are relatively clear." *Miles v. Illini State Trucking Co.*, Civ. A. No. 3:16-CV-0778-D, 2017 WL 8677336, at *1 (N.D. Tex. May 4, 2017) (citation omitted).

2

despite its diligence, it could not have reasonably met the scheduling deadline." *Id.* (citation omitted).

As to the first factor, the Court "remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Serv. Temps, Inc.*, 2009 WL 3294863, at *3. "When the court has denied a motion for leave to amend due to the movant's lack of diligence, it has been because the movant possessed all necessary facts before the deadline *and* 'otherwise [made] no showing of diligence that would excuse ignorance of facts' in his possession." *Kouzbari*, 2018 WL 6514766, at *2 (quoting *Lopez v. Reliable Clean-Up & Support Servs., LLC*, Civ. A. No. 3:16-CV-2595-D, 2018 WL 3609271, at *4 (N.D. Tex. July 27, 2018)). Here, Plaintiff seeks to "add more detailed learned through initial discovery" that was obtained after the deadline to amend pleadings. *See* Br. in Supp. Mot. to Amend Compl. 3. In fact, Plaintiff explains that "[b]y the March 28 amendment deadline, [Plaintiff] had not received a single document from [HOC]," but that "[e]ight days after the Court entered the [amended] scheduling order" on October 31, 2019, "HOC supplemented its production to produce an additional 1,696 documents." Reply in Supp. Mot. to Amend Compl. 5-6. Moreover, Plaintiff needed to "consult one of her experts" regarding the documents before seeking to amend her Complaint, *see* Br. in Supp. Mot. to Amend Compl. 3, and obtained an order compelling production of documents from HOC during the delay, *see* ECF Nos. 44, 54, which "demonstrate[s] her diligence despite missing the scheduling order deadline," *Howard v. Medicredit, Inc.*, Civ. A. No. 3:17-CV-3224-D, 2018 WL 3752366, at *3 (N.D. Tex. Aug. 8, 2018). In view of HOC's production of documents after the deadline for amending pleadings coupled with Plaintiff's diligence in prosecuting this action,[2] the Court finds that the first factor weighs in favor of granting Plaintiff's motion to amend.

---

[2] Although HOC faults Plaintiff for delaying her discovery, *see* Resp. in Opp. to Mot. to Amend Compl. 7, the record shows that Plaintiff sought discovery for most of the alleged delay. She served and received responses to her First

3

The Court further finds that the proposed amendment is important. Courts deem "amendments to be important where they 'potentially provide[] additional grounds for [a party] to recover,' or 'directly affect[] [a party's] prospects of ultimate recovery.'" *Kouzbari*, 2018 WL 6514766, at *3 (first and third alterations added) (first quoting *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, Civ. A. Nos. 3:06-CV-1576-D, 3:06-CV-1578-D, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009); and then quoting *The Richards Grp., Inc. v. Brock*, Civ. A. No. 3:06-CV-0799-D, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008)). In the present case, Plaintiff explains that her amendment is necessary to "cure . . . pleading defects HOC alleged for the following claims: manufacturing defect, marketing defect (failure to warn), breach of express warranty, and breach of implied warranty." Br. in Supp. Mot. to Amend Compl. 4. This is sufficient to show the importance of the proposed amendment. *See Maynard v. PayPal, Inc.*, Civ. A. No. 18-CV-0259-D, 2018 WL 5776268, at *4 (N.D. Tex. Nov. 2, 2018).

As for the third and fourth factors, the Court finds that potential prejudice in allowing the amendment and the availability of a continuance in this case weigh in favor of granting leave to amend. *See id.* at *5. Although HOC argues that allowing the amendment would require it to reassert its dispositive motion or "reorient its strategy and conduct new discovery related to th[e] theory" raised in the amendment, *see* Resp. in Opp. to Mot. to Amend 9-10, the fact that HOC "would have to adjust [its] defense strategy to account for [Plaintiff's] new [allegations] . . . does not constitute prejudice for the purposes of Rule 16(b)(4)," especially given the fact that "the deadline for discovery is still [four] months away," *Kouzbari*, 2018 WL 6514766, at *4.

---

Request for Production by May 6, 2019. *See* ECF No. 45-4. Plaintiff completed review of this first production and HOC's objections in this case and the companion *Feldman v. Stryker Corp.*, Civ. A. No. 3:18-cv-1416-S case by June 5, 2019, *see* ECF No. 45-1, and conferred regarding HOC's production until September 16, 2019, *see* ECF Nos. 45-2, -3, -6, when she filed her motion to compel, *see* ECF No. 44. Thus, a review of Plaintiff's discovery efforts demonstrate her diligence, not her tardiness.

4

Regardless, the Court finds, "after weighing all of the relevant factors, that [Plaintiff] has shown good cause to amend the scheduling order to allow [her] to file an amended complaint." *Id.*

### B. *Motion for Leave to Amend the Complaint*

"Having found good cause to amend the scheduling order, the [C]ourt now turns to the question [of] whether leave to amend should be granted under Rule 15(a)." *Id.* Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." While granting leave to amend is "by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins.*, 650 F.2d 663, 666 (5th Cir. 1980)), "pleading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome," *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)). The present Motion to Amend is Plaintiff's first request to amend her complaint, and the Court does not "'undue delay, bad faith or dilatory motive on the part of [Plaintiff], repeated failure to cure deficiencies . . . , undue prejudice to [HOC] . . . , [or] futility of amendment.'" *Carpenter v. Bos. Sci. Corp.*, Civ. A. No. 3:18-CV-02338-L, 2019 WL 3322091, at *9 (N.D. Tex. July 24, 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, the Court grants Plaintiff's Motion for Leave to Amend her Complaint.

### C. *Motion for Judgment on the Pleadings*

As the Court grants Plaintiff leave to amend her Complaint, the Court finds as moot HOC's Motion for Judgment on the Pleadings. *See Xtria, LLC v. Int'l Ins. All. Inc.*, Civ. A. No. 3:09-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010).

### D. *Motion for Sanctions*

Rule 11 "sanctions are normally reserved 'for rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation or brought for an improper

5

purpose or brought for an improper purpose.' It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). Here, the Motion for Sanctions appears to be based on disputed evidence, speculations about the contents of remaining discovery, and subjective opinions as to counsel's intent, none of which are proper bases for Rule 11 sanctions. *See Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 460-61 (5th Cir. 2020). Accordingly, "[t]he Court finds that this case is not an extraordinary case warranting such an extreme measure, and . . . denies [HOC's] Motion for Sanctions." *Laughlin*, 1997 WL 135676, at *9. In fact, the Court is dubious that a motion for sanctions was appropriate under these circumstances.

### III.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint, **FINDS AS MOOT** HOC's Motion for Judgment on the Pleadings, and **DENIES** HOC's Motion for Sanctions. The Clerk is instructed to receive and accept the First Amended Complaint in the form as received with the Motion. *See* ECF No. 61-1.

**SO ORDERED.**

SIGNED May 15, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**